[Cited, *Jeffries v. Commonwealth,* 84 Ky. 240, 8 Ky. L. 276, 1 S. W. 442.]

---

## W. S. VANMETER v. T. B. HAYS.

[Abstract Kentucky Law Reporter, Vol. 7—162.]

**Title by Adverse Possession.**

Where a plaintiff in his petition charges a defendant with trespass, and the land on which the alleged trespass was committed is included in a large survey theretofore patented, and neither of the parties have any other claim to it except what is derived from actual possession, not held long enough to ripen into a title, the right to recover depends on whether plaintiff had possession of the land on which the defendant built his cabin and cut timbers.

If there was another claimant in possession of the land lying between that occupied by plaintiff and defendant it would show that the land in possession of defendant was not subject to plaintiff's claim.

APPEAL FROM GRAYSON CIRCUIT COURT.

May 28, 1885.

OPINION BY JUDGE LEWIS:

The land on which the alleged trespass was committed is included in a large survey heretofore appropriated and patented, and neither appellants, the plaintiffs below, nor appellee, the defendant, have any other right or claim to it, except what is derived from actual possession, which has not been held long enough to ripen into a title in either case, consequently the right of appellant to recover in this action depends on whether in the meaning of the law he had possession of the land on which appellee built his cabin and cut timber, at the time he so entered.

The only error of the court of which counsel complains is the following instruction to the jury, which doubtless controlled the verdict rendered for the defendant:

"If at the time Vanmeter & Bro. settled Wilson on the land, the portion of the boundary claimed by plaintiffs was separated from that portion upon which Wilson resided by an adverse claim extending entirely across and between the two portions disconnecting them, then the possession of Wilson did not extend and cover that portion of the land so disconnected."

The jury by their verdict in effect found as a fact that the portion of the original survey of which appellants by their tenant Wilson were in possession was disconnected from the portion whereon appellee entered, by a strip of land in the actual possession of and claimed by a third party at the time Wilson entered. We are not prepared to say that the verdict was unwarranted by the evidence. For if the two parcels are connected at all, they are so only to the extent of about four feet, the distance between a corner tree of the original survey and the fence of the party claiming in possession of the intervening tract, which is certainly not sufficient to authorize us to say that appellant had the actual open and notorious possession cliaming to the extent of the boundary of the two tracts, rather than that the possession of the party claiming the intervening tract, extended up to the line of the original survey. As the possession of appellants was confined to the parcel upon which they made their improvements and could not by construction or operation of law extend over the intervening tract, and include a tract

distinct and disconnected, the instruction complained of was properly given.

Judgment *affirmed*.

*G. W. Stone, for appellant.*